Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard, First Floor
Mineola, NY 11501
Telephone:     516.741.4977
Facsimile:     516.741.0626
esmith@brodskysmith.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN LIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>BRIGHAM MINERALS, INC., BEN M. BRIGHAM, ROBERT M. ROOSA, GAYLE BURLESON,  JON-AL DUPLANTIER, STACY HOCK, LANCE LANGFORD, JAMES R. LEVY, RICHARD K. STONEBURNER, and JOHN R. SULT<br><br>                    Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1)  Violation of § 14(a) of the Securities Exchange Act of 1934<br>(2)  Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Benjamin Lin, by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to his, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff brings this stockholder action against Brigham Minerals, Inc. ("Brigham Minerals" or the "Company"), Brigham Minerals' Board of Directors (the "Board" or the

"Individual Defendants," collectively with Brigham Minerals and the Board, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of efforts to sell the Company to Sitio Royalties Corp. ("Parent") via Sitio's affiliate, Sitio Royalties Operating Partnership, LP, merger subsidiaries Snapper Merger Sub I, Inc. ("Merger Sub 1"), Snapper Merger Sub IV, Inc. ("Merger Sub 2"), Snapper Merger Sub V, Inc. ("Merger Sub 3"), Snapper Merger Sub II, LLC ("Merger Sub 4") and collectively with Parent, and all merger subsidiaries "Sitio"), and to enjoin an upcoming stockholder vote on an all-stock transaction (the "Proposed Transaction").

2.      The terms of the Proposed Transaction were memorialized in a September 6, 2022 filing with the United States Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").  Under the terms of the Merger Agreement, Brigham Minerals shareholders will receive a 1.133 shares of stock in the post-close combined company (the "Combined Company") for each share of Brigham Minerals common stock owned. As a result, Brigham Minerals will become an indirect wholly-owned subsidiary of the new entity, which will continue to operate under the Sitio name.

3.      Thereafter, on October 7, 2022, Snapper Merger Sub I filed a Registration Statement on Form S4 ("Registration Statement") attaching the proxy statement with the SEC in support of the Proposed Transaction.

4.      The Proposed Transaction is unfair for a number of reasons.  Significantly, it appears as though the Board has entered into the Proposed Transaction to procure for itself and senior management of the Company significant and immediate benefits with no thought to Plaintiff, as well as the Company's public stockholders.

5.      In violation of the Exchange Act, Defendants caused to be filed the materially deficient Registration Statement in an effort to Plaintiff, to vote in favor of the Proposed Transaction.  The Registration Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.  As detailed below, the Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Brigham Minerals, Sitio, and the pro forma Combined Company, provided by Brigham Minerals management to the Board and the Board's financial advisor Goldman Sachs & Co. LLC ("Goldman Sachs"), Sitio's financial advisor Credit Suisse Securities (USA) LLC ("Credit Suisse") and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinion created by Goldman Sachs and Credit Suisse, if any, and provide to the Company and the Board.

6.      Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff.

**PARTIES**

7.      Plaintiff is a citizen of Texas and, at all times relevant hereto, has been a Brigham Minerals shareholder.

8.      Defendant Brigham Minerals is a Delaware corporation whose principal executive office is located at 5914 W. Courtyard Drive, Suite 200, Austin, TX 78730.  Brigham Minerals' common stock is publicly traded on New York Stock Exchange under the symbol "MNRL."

9.      Defendant Ben M. Brigham ("Brigham") has served as director of Company at all relevant times. In addition, Brigham serves as the Chairman of the Board of Directors.

10.     Defendant Robert M. Roosa ("Roosa") has served as director of Company at all relevant times.  In addition, Roosa also serves as the Company's Chief Executive Officer ("CEO").

11.     Defendant Gayle Burleson ("Burleson") has served as director of Company at all relevant times.

12.     Defendant Jon-Al Duplantier ("Duplantier") has served as director of Company at all relevant times.

13.     Defendant Stacy Hock ("Hock") has served as director of Company at all relevant times.

14.     Defendant James Langford ("Langford") has served as director of Company at all relevant times.

15.     Defendant James R. Levy ("Levy") has served as director of Company at all relevant times.

16.     Defendant Richard K. Stoneburner ("Stoneburner") has served as director of Company at all relevant times.

17.     Defendant John R. Sult ("Sult") has served as director of Company at all relevant times.

18.     The Defendants named in paragraphs 9-17 are referred to herein as "Individual Defendants."

19.     Non-Party Parent Sitio is a shareholder returns-driven company focused on large-scale consolidation of high-quality oil & gas mineral and royalty interests across premium basins, with a diversified set of top-tier operators.

20.     Non-Party Merger subs are subsidiaries of parent created solely to complete the Proposed Transaction.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and Section 20(a) of the Exchange Act.  This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.  The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

22.    Personal jurisdiction exists over each defendant either because the defendants conduct business in or maintain operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

23.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the New York Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

24.    Brigham Minerals, Inc. owns and operates a portfolio of mineral and royalty interests in the continental United States. The company primarily holds mineral and royalty interests in the Delaware and Midland Basins in West Texas and New Mexico; the South Central Oklahoma Oil Province and Sooner Trend Anadarko Basin Canadian and Kingfisher Counties plays in the Anadarko Basin of Oklahoma; the Denver-Julesburg Basin in Colorado; and Wyoming

and the Williston Basin in North Dakota. As of December 31, 2021, it had mineral and royalty interests in approximately 92,375 net royalty acres; and owned mineral and royalty interests in 8,595 gross productive horizontal wells, which consisted of 7,909 oil wells and 688 natural gas wells. The company was founded in 2012 and is headquartered in Austin, Texas.

25.    The Company's most recent financial performance press release before the announcement of the Proposed Transaction indicated sustained and solid financial performance. For example, in an August 4, 2022 press release announcing its 2022 Q2 Financial Results, the Company highlighted such milestones as Record daily production volumes of 13,019 BOE/D and record royalty revenues of $90.4 million.

26.    Speaking on the positive results, Defendant CEO Roosa commented in the Press Release, "Our team once again generated record operational and financial results during the quarter including record production, revenue, EBITDA and dividends. Our production volumes increased 8% sequentially to a record 13,019 Boe/d driven by continued strong DUC conversions, particularly conversions in the Permian Basin where production volumes grew by 24% sequentially. We also saw record drilling activity during the quarter with approximately 253 gross wells spud on our assets, and when combined with our acquisition efforts, we were able to maintain an almost constant DUC inventory level even with the aforementioned strong conversions. In total, we ended the second quarter with 11.0 net activity wells in inventory and anticipate our production volumes for the full year 2022 to average between 12,300 and 13,000 Boe/d, which represents a 9% increase relative to our original guidance provided in February."

27.    The financials and optimism are not an anomaly, but rather, are indicative of a trend of continued success and future potential success by Brigham Minerals. Clearly, based upon these positive financial results and outlook, the Company is likely to have tremendous future success.

28.    Nevertheless, the Individual Defendants have caused Brigham Minerals to enter into the Proposed Transaction.

**The Flawed Sales Process**

29.    As detailed in the Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate a sale of the Company by any means possible.

30.    Notably, the Registration Statement fails to disclose whether a committee comprised of disinterested directors was formed to evaluate the Proposed Transaction and if so, what powers they had in doing so, including whether the committee was empowered to veto a transaction not in the best interests of Common Shareholders.

31.    Additionally, the Registration Statement is silent as to the nature of the confidentiality agreement entered into between the Company and Parent, whether this agreement differed from any other agreement with potentially interested third parties not specifically mentioned by the Registration Statement, if so in all specific manners, including all specific terms of any such included "don't-ask, don't-waive" provisions or standstill provisions contained therein, including, all specific conditions, if any, under which such provisions would fall away.

32.    It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

**The Proposed Transaction**

33.    On September 6, 2022, Brigham Minerals and Sitio issued a joint press release announcing the Proposed Transaction.  The press release stated, in relevant part:

**DENVER & AUSTIN, Texas**--(BUSINESS WIRE)--Sitio Royalties Corp. (NYSE: STR) ("Sitio", "STR" or the "Company") and Brigham Minerals, Inc.

(NYSE: MNRL) ("Brigham Minerals", "MNRL" or "Brigham") today announced that they have entered into a definitive agreement to combine in an all-stock merger, with an aggregate enterprise value of approximately $4.8 billion based on the closing share prices of STR and MNRL on Friday, September 2, 2022. The combination brings together two of the largest public companies in the oil and gas mineral and royalty sector with complementary high-quality assets in the Permian Basin and other oil-focused regions, creating an industry leader with a proven track record of consolidating oil and gas mineral and royalty interests operated by a diverse set of E&P companies.

**TRANSACTION HIGHLIGHTS**

- Combination creates an industry leader, with complementary high-quality assets in the Permian Basin and other active U.S. oil basins; combined company expected to be a premier consolidator in the fragmented minerals space

- 259,510 net royalty acres on a combined basis, pro forma 2Q 2022 net production of 32.8 Mboe/d and 50.3 net line-of-sight wells operated by a well-capitalized, diverse set of E&P companies as of June 30, 2022[1][2]

- Combined company expected to benefit from a step-change in greater scale, enhanced margins, and increased access to capital, leading to accelerated consolidation potential, attractive returns and long-term value for stakeholders

- Transaction expected to generate approximately $15 million of annual operational cash cost synergies and to reduce Sitio's 2Q 2022 pro forma cash G&A per Boe by 19% to approximately $1.72 per Boe for the combined company

- Strong balance sheet with pro forma 2Q 2022 leverage of approximately 1.0x[3]

- Merger to increase Sitio's public float by 5.8x, from approximately $320 million to approximately $1.9 billion based on Sitio's Class A share closing price as of September 2, 2022

- At-market merger results in Sitio and Brigham shareholders receiving approximately 54% and 46% of combined company, respectively, on a fully diluted basis

- Balanced capital allocation framework that prioritizes return of capital to shareholders at a minimum 65% payout ratio, while using retained cash to protect the balance sheet and opportunistically fund cash acquisitions

- Board of Directors of combined company will consist of 9 total directors, including 5 directors nominated by Sitio and 4 directors nominated by Brigham; Noam Lockshin, the current Chairman of Sitio's Board, to serve as Chairman of the Board of the combined company

- Shared commitment to prioritizing best-in-class corporate governance practices including management incentive compensation and capital allocation that is well-aligned with shareholder interests to drive long-term returns

- Current Sitio management team to run combined company, which will retain the Sitio Royalties Corp. company name

**MANAGEMENT COMMENTARY**

Chris Conoscenti, Chief Executive Officer of Sitio, commented, "Our merger with Brigham Minerals brings together two complementary businesses that are aligned in every key way, and further advances the business plan that Sitio outlined earlier in the year following the merger of Sitio's predecessor companies. Both companies are focused on asset quality, maintain disciplined acquisition underwriting standards, understand the benefits of scale, and prioritize shareholder alignment in our approaches to capital allocation and best-in-class governance. We have been particularly impressed with the asset portfolio that the Brigham team has built and their track record of delivering consistent results every quarter since they became public."

Mr. Conoscenti continued, "We believe that achieving material scale in this industry is critical to creating sustained value for our stakeholders and distinguishing Sitio from others, which is why we have been so focused on employing a differentiated, large-scale consolidation strategy. Our combined company will be the largest publicly traded mineral and royalty company in the U.S. by enterprise value that is focused on consolidation across a diverse set of operators and geographies. We will be able to pursue opportunities that few others can because of the size of our business, strength of our balance sheet, optimized cost structure and access to capital."

"I'm extremely proud of the Brigham team's incredible efforts over the past 10 years to assemble an outstanding portfolio of diversified mineral interests across four of the highest quality oil weighted basins under high performing, active operators. Our merger with Sitio creates the industry leading powerhouse in the minerals space with over 30% coverage in the Permian Basin, approximately 100 rigs running across all of our operating basins and greater than 50 activity wells to continue to drive production and cash flow growth. We believe the merger is the logical next step in the continued evolution of the minerals space and creates an entity of scale with ever improving liquidity and float, as well as a streamlined cost structure that further reinforces the scalability of our industry. Overall, I could not be more excited about the future prospects of the combined company to continue to focus on creating value for shareholders through mineral consolidation." said Robert M. ("Rob") Roosa, Chief Executive Officer of Brigham.

*Potential Conflicts of Interest*

34.     The breakdown of the benefits of the deal indicate that Brigham Minerals insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders

such as Plaintiff.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of Brigham Minerals.

35.    Company insiders, currently own large, illiquid portions of Company stock all of which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction, not shared amongst Plaintiff and other public stockholders of the Company.  While the Registration Statement provides the following it fails to provide the specific amount of Merger Consideration that these shares will be exchanged for.

| Name of Beneficial Owner | Shares Beneficially Owned by Certain Beneficial Owners and Management | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Brigham Class A Common Stock | | Brigham Class B Common Stock | | Combined Voting Power | |
| | Number | % | Number | % | Number | % |
| **5% Stockholders:** | | | | | | |
| FMR LLC | 6,238,147 | 11.4% | — | — | 6,238,147 | 10.2% |
| Wellington Management Group LL | 5,711,596 | 10.4% | — | — | 5,711,596 | 9.4% |
| Blackrock, Inc. | 4,392,197 | 8.0% | — | — | 4,392,197 | 7.2% |
| **Directors and Named Executive Officers:** | | | | | | |
| Ben M. "Bud" Brigham | 356,996 | * | 1,089,405 | 16.2% | 1,446,401 | 2.4% |
| Robert M. Roosa | 193,118 | * | 270,639 | 4.3% | 463,757 | * |
| Blake C. Williams | 81,622 | * | 105,730 | 1.7% | 187,352 | * |
| Kari A. Potts | 22,717 | * | — | — | 22,717 | * |
| Gayle L. Burleson | 2,173 | * | — | — | 2,173 | * |
| Jon-Al Duplantier | 10,068 | * | — | — | 10,068 | * |
| Stacy Hock | 2,173 | * | — | — | 2,173 | * |
| A. Lance Langford | 16,756 | * | — | — | 16,756 | * |
| James. R. Levy | 26,564 | * | — | — | 26,564 | * |
| Richard K. Stoneburner | 26,564 | * | — | — | 26,564 | * |
| John R. ("J.R.") Sult | 51,564 | * | — | — | 51,564 | * |
| **Directors and Executive Officers as a Group (11 Persons)** | 1,435,137 | 2.6% | 1,447,393 | 23.1% | 2,882,530 | 4.8% |

36.    Additionally, Company insiders, currently own large amounts of company options, restricted stock units, and other equity awards, all of which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction, not shared amongst Plaintiff and other public stockholders of the Company, as follows:

| Name | Brigham Class A Common Stock Subject to Brigham Pre-2022 RSU Awards | | Amount of Accrued but Unpaid Dividend Equivalent Rights |
|---|---|---|---|
| **Non-Employee Directors** | | | |
| Richard Stoneburner | 5,232 | $ | 13,080 |
| Gayle Burleson | 5,232 | $ | 13,080 |
| John R. ("J.R.") Sult | 5,232 | $ | 13,080 |
| James Levy | 5,232 | $ | 13,080 |
| Jon-Al Duplantier | 5,232 | $ | 13,080 |
| Lance Langford | 5,232 | $ | 13,080 |
| Stacy Hock | 5,232 | $ | 13,080 |
| **Executive Officers** | | | |
| Ben M. "Bud" Brigham | — | | — |
| Robert Roosa | 137,124 | $ | 574,921 |
| Blake Williams | 60,945 | $ | 255,526 |
| Kari Potts | 32,542 | $ | 135,690 |

| Name | Brigham Class A Common Stock Subject to Brigham Pre-2022 PSU Awards (Target) | | Amount of Accrued but Unpaid Dividend Equivalent Rights (Target) | | Brigham Class A Common Stock Subject to Brigham Pre-2022 PSU Awards (Maximum) | | Amount of Accrued but Unpaid Dividend Equivalent Rights (Maximum) |
|---|---|---|---|---|---|---|---|
| **Executive Officers** | | | | | | | |
| Ben M. "Bud" Brigham | — | | — | | — | | — |
| Robert Roosa | 271,707 | $ | 1,189,845 | | 543,414 | $ | 2,379,691 |
| Blake Williams | 120,758 | $ | 528,817 | | 241,516 | $ | 1,057,634 |
| Kari Potts | 63,482 | $ | 276,293 | | 126,964 | $ | 552,585 |

| Name | Brigham Class A Common Stock Subject to Brigham 2022 RSU Awards | | Amount of Accrued but Unpaid Dividend Equivalent Rights |
|---|---|---|---|
| **Executive Officers** | | | |
| Ben M. "Bud" Brigham | — | | — |
| Robert Roosa | 81,584 | $ | 203,960 |
| Blake Williams | 34,208 | $ | 85,520 |
| Kari Potts | 20,123 | $ | 50,308 |

| Name | Brigham Class A Common Stock Subject to Brigham 2022 PSU Awards (Target) | | Amount of Accrued but Unpaid Dividend Equivalent Rights (Target) | | Brigham Class A Common Stock Subject to Brigham 2022 PSU Awards (Maximum) | | Amount of Accrued but Unpaid Dividend Equivalent Rights (Maximum) |
|---|---|---|---|---|---|---|---|
| **Executive Officers** | | | | | | | |
| Ben M. "Bud" Brigham | — | | — | | — | | — |
| Robert Roosa | 81,584 | $ | 203,960 | | 163,168 | $ | 407,920 |
| Blake Williams | 34,208 | $ | 85,520 | | 68,416 | $ | 171,040 |
| Kari Potts | 20,123 | $ | 50,308 | | 40,246 | $ | 100,615 |

37.     In addition, certain employment agreements with certain Brigham Minerals executives, entitle such executives to severance packages should their employment be terminated under certain circumstances.  These 'golden parachute' packages are significant, and will grant several directors or officers entitled to them millions of dollars, compensation not shared by Plaintiff and will be paid out as follows:

**Golden Parachute Compensation**

| Name | Cash | Equity | Perquisites/ Benefits | Other | Total |
|------|------|--------|-----------------------|-------|-------|
| Ben M. "Bud" Brigham | $    — | $    — | $    — | $  515,000 | $   515,000 |
| Robert Roosa | $803,400 | $29,169,266 | $    — | $2,140,000 | $32,112,666 |
| Blake Williams | $506,250 | $12,778,422 | $    — | $1,425,000 | $14,709,672 |
| Kari Potts | $408,000 | $ 6,923,138 | $    — | $1,224,000 | $ 8,555,138 |

38.     The Registration Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

39.     Thus, while the Proposed Transaction is not in the best interests of Brigham Minerals, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

**The Materially Misleading and/or Incomplete Registration Statement**

40.     On October 7, 2022, the Brigham Minerals Board caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information

and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

41.    Specifically, the Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction.  In particular, the Registration Statement fails to disclose:

a.  Adequate disclosure as to whether a committee of disinterested directors was formed to evaluate the Proposed Transaction, and if so, what powers they had in doing so;

b.  Whether the confidentiality agreements entered into by the Company with Sitio differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

c.  All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including Sitio, would fall away; and

d.  Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning Brigham Minerals and Sitio's*
*Financial Projections*

42.    The Registration Statement fails to provide material information concerning financial projections for Brigham Minerals and Sitio provided by Brigham Minerals management to the Board and Goldman Sachs and relied upon by Goldman Sachs in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

43.    Notably the Registration Statement reveals that as part of its analyses, Goldman Sachs reviewed, "certain internal financial analyses and forecasts for Brigham and certain financial analyses and forecasts for Sitio standalone and pro forma for the Transactions prepared by Brigham's management."

44.    Therefore, the Registration Statement should have, but fails to provide, certain information in the projections that Brigham Minerals management provided to the Board, Goldman Sachs, and Goldman Sachs.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects."  *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

45.    With regard to the *Sitio Projections* prepared by Sitio, the Registration Statement fails to disclose material line items for the following:

    a.  With respect to *Price Deck A* and *Price Deck B*:

        i.  Total Daily Production, including all underlying inputs, metrics, and assumptions, including specifically: The estimated average annual

development pace per drilling space unit, management's reasonable expectations for future drilling activity by operators, the specific project blended average future type curves by basin, and the average percentage ownership of Sitio across the acreage in which Sitio holds interests; and

ii.    Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: net income (loss), interest expense, provisions for taxes, depreciation, depletion and amortization, non-cash share-based compensation expense, impairment of oil and natural gas properties, gains or losses on unsettled derivative instruments, change in fair value of warrant liability, write off of deferred offering costs, management fee to affiliates, and one-time transaction costs.

46.    With regard to the *Sitio Projections for Brigham* prepared by Sitio, the Registration Statement fails to disclose material line items for the following:

a.    With respect to *Price Deck A* and *Price Deck B*:

i.    Total Daily Production, including all underlying inputs, metrics, and assumptions, including specifically: The estimated average annual development pace per drilling space unit, management's reasonable expectations for future drilling activity by operators, the specific project blended average future type curves by basin, and the average percentage ownership of Sitio across the acreage in which Sitio holds interests; and

ii.    Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: net income (loss), interest expense, provisions for taxes, depreciation, depletion and amortization, non-cash

15

share-based compensation expense, impairment of oil and natural gas properties, gains or losses on unsettled derivative instruments, change in fair value of warrant liability, write off of deferred offering costs, management fee to affiliates, and one-time transaction costs.

47.    With regard to the *Brigham Minerals Projections* prepared by Brigham Minerals, the Registration Statement fails to disclose material line items for the following:

    a.    With regard to the Commodity Prices projections for years 2022E-2029E:

        i.    Oil ($/bbl), including all specific inputs, metrics and assumptions underlying a change in price over time; and

        ii.    Gas ($/mmbtu) including all specific inputs, metrics and assumptions underlying a change in price over time.

    b.    With regard to the *Brigham Financial and Operating Projections* for the Company Standalone and the Pro Forma Company:

        i.    Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: depreciation, depletion and amortization, share-based compensation expense, interest expense, income tax expense, change in fair value of warrant liability, and other income.

    c.    With regard to the *Brigham Financial and Operating Projections* for the Sitio:

        i.    Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: depreciation, depletion and

amortization, share-based compensation expense, interest expense, income tax expense, and change in fair value.

48.    The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the alternative cases of projections rely.

49.    The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

50.    This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.  Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

51.    Without accurate projection data presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the Goldman Sachs' financial analyses, or make an informed decision whether to vote in favor of the Proposed Transaction.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Credit Suisse*

52.    In the Registration Statement, Credit Suisse describes its fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

53.    With respect to the *Selected Companies Analysis* for Brigham Minerals, the Registration Statement fails to disclose the following:

      a.    The inputs, metrics, and assumptions used to determine multiple ranges of 6.5x to 7.5x for 2023E EBITDA;

      b.    The inputs, metrics, and assumptions used to determine multiple ranges of 6.5x to 7.5x for 2024E EBITDA;

      c.    The inputs, metrics, and assumptions used to determine a multiple range of 7.0x to 8.0x to Brigham's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2023;

      d.    The inputs, metrics, and assumptions used to determine a multiple range of 7.0x to 8.0x to Brigham's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2024;

54.    With respect to the *Selected Companies Analysis* for Sitio, the Registration Statement fails to disclose the following:

      a.    The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's 2023E EBITDA;

      b.    The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's 2024E EBITDA;

      c.    The inputs, metrics, and assumptions used to determine a multiple range of 6.0x to 7.0x to Sitio's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2023; and

      d.  The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's discretionary free cash flow less lease bonuses for the year ended December 31, 2024.

55.    With respect to the *Discounted Cash Flow Analysis—Corporate* for Brigham Minerals, the Registration Statement fails to disclose the following for *Price Deck A* and *Price Deck B*:

      a.  The inputs, metrics, and assumptions used to determine terminal multiples of 7.0x to 9.0x to Brigham's estimated EBITDA for year ended December 31, 2027;

      b.  The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%;

      c.  Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them; and

      d.  The terminal value for Brigham Minerals.

56.    With respect to the *Discounted Cash Flow Analysis—Corporate* for Sitio, the Registration Statement fails to disclose the following for *Price Deck A* and *Price Deck B*:

      a.  The inputs, metrics, and assumptions used to determine terminal multiples of 7.0x to 9.0x to Sitio's estimated EBITDA for year ended December 31, 2027;

      b.  The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%;

      c.  Sitio's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them; and

      d.  The terminal value for Sitio.

57. With respect to the *Discounted Cash Flow Analysis—Net Asset Value* for Brigham, the Registration Statement fails to disclose the following for both *Price Deck A* and *Price Deck B*:

  a. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%; and

  b. Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them.

58. With respect to the *Discounted Cash Flow Analysis—Net Asset Value* for Sitio, the Registration Statement fails to disclose the following for both *Price Deck A* and *Price Deck B*:

  a. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%; and

  b. Sitio's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them.

59. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

60. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Brigham Minerals stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Goldman Sachs*

61.    In the Registration Statement, Goldman Sachs describes its fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

62.    With respect to the *Illustrative Present Value of Future Share Price Analysis—Brigham Standalone*, the Registration Statement fails to disclose the following:

    a.    The inputs, metrics, and assumptions used to determine illustrative per share distributable cash flow yield ratios of 10.5%, 11.5% and 12.5% for years 2023-2025;

    b.    The current and historical NTM DCF Yields of Brigham Minerals' used for this analysis;

    c.    The inputs, metrics, and assumptions used to determine an illustrative discount rate of 10.5%;

    d.    The Company's cost of equity; and

    e.    The beta for the Company.

63.    With respect to the *Illustrative Present Value of Future Share Price Analysis—Pro Forma Combined Company*, the Registration Statement fails to disclose the following:

    a.    The inputs, metrics, and assumptions used to determine a range of illustrative per share NTM DCF Yields of 10.5%, 11.5% and 12.5% for years 2023-2025;

    b.    The current and historical NTM DCF Yields of Brigham Minerals and Sitio

used for this analysis;

    c.   The inputs, metrics, and assumptions used to determine an illustrative discount rate of 10.5%;

    d.   The Pro Forma Company's cost of equity; and

    e.   The beta for the Pro Forma Company.

64.    With respect to the *Illustrative Discounted Cash Flow Analysis—Brigham Standalone*, the Registration Statement fails to disclose the following:

    a.   The inputs, metrics, and assumptions used to determine discount rates ranging from 9.5% to 10.5%;

    b.   The weighted average cost of capital for the Company;

    c.   Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them;

    d.   The range of illustrative terminal values for Brigham Minerals;

    e.   The inputs, metrics, and assumptions used to determine perpetuity growth rates ranging from (1.00)% to 1.00%;

    f.   The estimated terminal year estimate of the unlevered free cash flow to be generated by Brigham Minerals;

    g.   The company's target capital structure weightings;

    h.   The cost of long-term debt;

    i.   The after-tax yield on permanent excess cash;

    j.   The Company's future applicable marginal cash tax rate;

    k.   The beta for the company;

    l.   The assumed long-term real growth of gross domestic product;

  m. The assumed rate of inflation;

  n. The range of illustrative enterprise values derived for the Company;

  o. The Company's net debt as of June 30, 2022; and

  p. The number of fully diluted outstanding shares of Company common stock.

65. With respect to the *Illustrative Discounted Cash Flow Analysis—Pro Forma Combined Company*, the Registration Statement fails to disclose the following:

  a. The inputs, metrics, and assumptions used to determine discount rates ranging from 9.5% to 10.5%;

  b. The Pro Forma Company's weighted average cost of capital;

  c. The Pro Forma Company's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them;

  d. The range of illustrative terminal values for the pro forma combined company;

  e. The inputs, metrics, and assumptions used to determine perpetuity growth rates ranging from (1.00)% to 1.00%;

  f. The terminal year estimate of the unlevered free cash flow to be generated by the pro forma combined company;

  g. The company's target capital structure weightings;

  h. The cost of long-term debt;

  i. The after-tax yield on permanent excess cash;

  j. The future applicable marginal cash tax rate for the Pro Forma Company;

  k. The beta for the company;

  l. The range of illustrative enterprise values derived for the pro forma combined company;

    m.  The pro forma net debt of the combined company as of June 30, 2022;

    n.  The range of illustrative equity values for the pro forma combined company; and

    o.  The fully diluted outstanding shares of the pro forma combined company.

66.    With respect to the *Premia Analysis*, the Registration Statement fails to disclose the following:

    a.  The specific date on which each transaction closed;

    b.  The value of each transaction;

    c.  The enterprise value for the companies in each transaction compared; and

    d.  The inputs, metrics, and assumptions used to determine a reference range of illustrative premiums of (5.0)% to 15.0%.

67.    These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

68.    Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Brigham Minerals stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

## (Against All Defendants)

69.    Plaintiff repeats all previous allegations as if set forth in full herein.

70.    Defendants have disseminated the Information Statement in favor of the Proposed Transaction.

71.    Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction.  Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title.

72.    As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement

in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

73.    The Information Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above.  Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Information Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

74.    The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

75.    The Individual Defendants were at least negligent in filing an Information Statement that was materially misleading and/or omitted material facts necessary to make the Information Statement not misleading.

76.    The misrepresentations and omissions in the Information Statement are material to Plaintiff and the Class, and at present fail to provide complete information if such misrepresentations and omissions are not corrected.

## SECOND COUNT

### Violations of Section 20(a) of the Exchange Act

### (Against All Defendants)

77.    Plaintiff repeats all previous allegations as if set forth in full herein.

78.    The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in

connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Information Statement was materially misleading to Company stockholders.

79.    The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Information Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws.  The Individual Defendants were able to, and did, control the contents of the Information Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Information Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

80.    The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Brigham Minerals' business, the information contained in its filings with the SEC, and its public statements.  Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from the Company's stockholders and that the Information Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Information Statement and are therefore responsible and liable for the misrepresentations contained herein.

81.    The Individual Defendants acted as controlling persons of Brigham Minerals within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause Brigham Minerals to engage in

the wrongful conduct complained of herein.  The Individual Defendants controlled Brigham Minerals and all of its employees.  As alleged above, Brigham Minerals is a primary violator of Section 14 of the Exchange Act and SEC Rule Information Statement.  By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor, and against the Defendants, as follows:

A.      Enjoining the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: October 21, 2022          **BRODSKY & SMITH**


By: _/s/ Evan J. Smith_____
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*